IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FREDERIK BRODEN,

    Plaintiff,

v.                                              C.A. No. 1:24cv10880-AK

PRIVATE BUSINESS JETS, LLC d/b/a
FLYPRIVATE,

    Defendant.

## **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO STAY**

Plaintiff Frederik Broden ("Plaintiff") hereby files this memorandum in opposition to defendant Private Business Jets, LLC d/b/a Flyprivate's ("Defendant") Motion to Stay (the "Motion") [D.E. 9], and states as follows:

1.    This action for copyright infringement was originally filed in the United States District Court for the District of Delaware.

2.    On March 8, 2024, Defendant filed the Motion, seeking both transfer to this Court and to stay this action pending the outcome of two Supreme Court cases – Warner Chappell Music, Inc. et al. v. Nealy and Hearst Newspapers, L.L.C. et al. v. Martinelli.

3.    According to the Motion, the Supreme Court was "poised"[1] to overrule Third Circuit (or, following transfer, First Circuit) caselaw providing that the discovery rule is applied to accrual of claims under the Copyright Act.

4.    On April 5, 2024, this action was transferred to the District of Massachusetts

---

[1] See Motion, at p. 13.

pursuant to a stipulation of the parties granting such relief.  Thus, the only relief still requested by the Motion is a stay of this action pending the Supreme Court's decisions in Warner Chappell Music, Inc. et al. v. Nealy and Hearst Newspapers, L.L.C. et al. v. Martinelli.

5. On May 9, 2024, the Supreme Court issued its decision in Warner Chappell Music, Inc. v. Nealy. See 144 S. Ct. 1135 (2024).  Contrary to Defendant's prognostication, the Supreme Court *did not address* the issue of whether the discovery rule or injury rule applies to claim accrual under the Copyright Act.

6. Rather, the Supreme Court affirmed the Eleventh Circuit's holding that there is no damages 'lookback' period applicable under the Copyright Act (meaning a plaintiff may recover damages dating back to the beginning of the infringement, regardless of whether such infringement occurred more than 3 years prior to suit being filed).

7. As noted in the Motion, the petition for writ of certiorari in Hearst Newspapers, L.L.C. et al. v. Martinelli presented the 'discovery rule' question directly to the Supreme Court (the Fifth Circuit held that the discovery rule applies).  However, on May 20, 2024, the Supreme Court denied the petition for writ of certiorari.  See 2024 U.S. LEXIS 2218 (May 20, 2024).

8. Given that Defendant's predictions were *somewhat* misplaced and the First Circuit squarely applies the 'discovery rule' for claim accrual, there is no basis to stay this lawsuit any further.  See Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008) ("Under the aegis of [the discovery rule], a claim accrues only when a plaintiff knows or has sufficient reason to know of the conduct upon which the claim is grounded."); Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg., 510 F.3d 77, 81 (1st Cir. 2007) ("Under the [Copyright] Act, the cause of action accrues when a plaintiff knows or has reason to know of the act which is the basis of the claim.") (internal quotation marks omitted); D'Pergo Custom Guitars,

<u>Inc. v. Sweetwater Sound, Inc.</u>, 516 F. Supp. 3d 121, 132 (D.N.H. 2021) ("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).").

9. While Defendant and its counsel are entitled to their opinions that the First Circuit is wrong/incapable of interpreting the Copyright Act, the fact remains that the 'discovery rule' is the law in this Circuit and the Supreme Court is not "poised" to change that.

10. As a result, any further stay of this action is unwarranted and Defendant should be required to file its Answer.

Dated:  June 17, 2024

Plaintiff,
FREDERIK BRODEN,
By and through his attorney,

s/     Chip Muller
Chip Muller, Esq. (BBO# 672100)
Muller Law, LLC
47 Wood Avenue
Barrington RI  02806
(401) 256-5171
chip@mullerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Chip Muller
Chip Muller