UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

**Case No. 1:24-cv-10880**

FREDRIK BRODEN,

     Plaintiff,

v.

PRIVATE BUSINESS JETS, LLC,
d/b/a FlyPrivate,

     Defendant.

---

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, PRIVATE BUSINESS JETS, LLC, pursuant to Fed. R. Civ. P. 12, answers plaintiff Fredrik Broden's complaint [DE 1] and further pleads by affirmative defenses in response to this copyright trolling case.

### ANSWER

1.    Defendant is without knowledge of the allegations contained in paragraph 1 and therefore denies same.

2.    Defendant admits the allegations contained in paragraph 2.

3.    Defendant admits the allegations contained in paragraph 3, but denies that plaintiff has a valid copyright registration.

4.    Defendant denies the allegations contained in paragraph 4, which are now moot as a result of the order entered by the District of Delaware.

5.    Defendant denies the allegations contained in paragraph 5, which are now moot as a result of the order entered by the District of Delaware.

6.   The allegations contained in paragraph 6 are improper bolstering and immaterial. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

7.   The allegations contained in paragraph 7 are improper bolstering and immaterial. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

8.   The allegations contained in paragraph 8 are improper bolstering and immaterial. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

9.   The allegations contained in paragraph 9 are improper bolstering and immaterial. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

10.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 and therefore denies same.

11.   Defendant admits the certificate attached to the complaint bears a date of July 30, 2021, but otherwise is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 11 and therefore denies same.

12.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 and therefore denies same.

13.   Defendant admits the allegations contained in paragraph 13 of the complaint.

14.   With regard to the allegations contained in paragraph 14, Defendant admits it has a website and social media accounts, but denies plaintiff's characterization of its marketing and advertising.

15.     With regard to the allegations contained in paragraph 15, defendant denies plaintiff's characterization of the alleged Work's appearance on the URLs identified, but admits that any appearance of the Work occurred on a date before plaintiff allegedly registered the Work with the United States Copyright Office.

16.     Defendant admits that the exhibit attached as "B" to the complaint appears to be portions of defendant's website blog and social media at the URLs indicated, but otherwise denies the allegations contained in paragraph 16.

17.     Defendant admits that it did not contact Broden, but denies the remaining allegations contained in paragraph 17.

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant admits that it may have found certain images online, but otherwise denies the allegations contained in paragraph 19, and denies that it used the alleged Work or otherwise infringed plaintiff's copyright.

20.     Defendant admits that plaintiff sent it an extortionate, copyright trolling demand letter, but denies the remainder of the allegations contained in paragraph 20.

21.     Defendant denies the allegations contained in paragraph 21.

22.     Paragraph 22 of the Complaint is a re-incorporation paragraph, for which defendant re-adopts its responses.

23.     Defendant denies the allegations contained in paragraph 23.

24.     Defendant denies the allegations contained in paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 and therefore denies same.

26.     Defendant denies the allegations contained in paragraph 26.

27.    Defendant denies the allegations contained in paragraph 27.

28.    Defendant denies the allegations contained in paragraph 28.

29.    Though defendant admits that Broden is limited in his copyright trolling to the consequences of 17 U.S.C. § 412, defendant nevertheless denies the allegations contained in paragraph 29.

30.    Defendant denies the allegations contained in paragraph 30.

31.    Defendant denies the allegations contained in paragraph 31.

Defendant denies that plaintiff is entitled to any relief whatsoever in this action. Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which it did not specifically admit or respond to in this answer to plaintiff's complaint.

## AFFIRMATIVE DEFENSES

1.    **Defense 1 – Statute of Limitations**. Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the Copyright Act statute of limitations because a claim for ordinary infringement accrues when a plaintiff has a complete and present cause of action, which occurs upon injury, and not when a plaintiff "discovers" alleged infringement. 17 U.S.C. § 507(b). Any decisions by the appellate court to the contrary are wrongly decided, and defendant expressly "challenge[s] the [First] Circuit's use of the discovery rule." Warner Chappell Music Inc. v. Nealy, 144 S. Ct. 1135, 218 L. Ed. 2d 363 (2024).

2.    **Defense 2 – Invalidity – § 411(b)**. On information and belief, plaintiff is not the owner of the alleged copyrighted work. 17 U.S.C. § 201(b). Plaintiff does not have any ownership interest in or exclusive rights to the subject work as a result of the work for hire

doctrine or his license to a third party. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid for a knowing and material error. Unicolors Inc. v. H&M Hennes & Mauritz, L. P., 142 S. Ct. 941 (2022).

3.    **Defense 3 – Standing.** Plaintiff is neither the owner of nor an exclusive licensee of the alleged copyrighted work, as ownership of any copyright in same vested in TI Gotham Inc. and/or Dotdash Meredith. The registered work, was a work for hire such that plaintiff does not have any ownership or exclusive interest in the subject work. 17 U.S.C. § 201(b).

4.    **Defense 4 – Failure to State a Claim.** Because, among other reasons, the certificate of registration is invalid, plaintiff cannot state a claim for relief. 17 U.S.C. § 411(a); Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S.Ct. 881 (2019).

5.    **Defense 5 – Speculative Damages.** Plaintiff's claim and/or damages are barred, in whole or in part, because plaintiff's damages are speculative or *de minimis*. Marginal use of a visual component online that is "'just an added benefit,' rather a draw" is not compensable injury. Erickson Productions, Inc. v. Kast, 921 F.3d 822, 829 (9th Cir. 2019). Plaintiff has not met his heightened initial burden to show that his actual damages are in any way related to the alleged infringement. DaimlerChrysler Servs. v. Summit Nat'l, Inc., No. 02-cv-71871, 2006 WL 208787 at *4 (E.D. Mich. Jan. 26, 2006).

6.    **Defense 6 – Damages Limited to Objective Market Value.** Assuming plaintiff's damages are not barred outright as de minimis, they are still barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). The objective market value of the alleged work

is relevant to and limits plaintiff's claim to damages, whether statutory or actual. The actual market for routine microscopy images for use online is approximately $250 for an irrevocable perpetual worldwide fully paid up royalty-free nonexclusive license. Furthermore, plaintiff previously offered to license its real estate images for that same amount to the public.

7.   **Defense 7 – Copyright Misuse**. Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act. Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990). His improper conduct includes, but is not limited to using enforcement efforts to derive revenue extortionately greater than the fair market value of the work or the fair amount of damages actually suffered. Plaintiff cannot claim the benefits of his copyright monopoly.

### Defendant's Prayer for Relief

WHEREFORE, Private Business Jets, LLC prays for judgment as follows:

a)   that plaintiff takes nothing by way of the complaint and the Court dismiss the complaint with prejudice;

b)   that the Court enter judgment that defendant is the prevailing party in this action;

c)   that the Court award defendant its full costs, including reasonable attorney's fees, against plaintiff pursuant to 17 U.S.C. § 505; and

d)   that the Court award any and all other relief to which defendant may be entitled.

Dated: September 16, 2024.

Respectfully Submitted,
The Defendant,
By its attorneys,

/s/ Brian W Brady
Brian W. Brady BBO #663660
Brady & Brady
92 State Street, 9th Floor
Boston, Massachusetts 02109
(617) 227-7682
Brian@.BradyandBrady.com


/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Pro Hac Vice admission pending*
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I, Brian W. Brady, hereby certify that, on the September 16, 2024, I filed and served this via email on the following counsel of record:

Chip Muller, Esq.
Muller Law, LLC
47 Wood Avenue
Barrington, RI 02806
chip@mullerlaw.com

Lisa Dailey
Dailey LLP
218 W Front St.
Media, PA 19063
610-558-2660
ldailey@daileyllp.com


/s/    *Brian W Brady*