IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 1:24-cv-10880-AK

FREDERIK BRODEN,

     Plaintiff,

v.

PRIVATE BUSINESS JETS, LLC d/b/a
FLYPRIVATE,

     Defendant.

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR SANCTIONS**

Plaintiff Frederik Broden ("<u>Plaintiff</u>") hereby files this memorandum in opposition to defendant Private Business Jets, LLC d/b/a FlyPrivate's ("<u>Defendant</u>") Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority (the "<u>Motion</u>") [D.E. 40] and, in support thereof, states as follows:

**<u>INTRODUCTION</u>**

The Motion is, unfortunately, demonstrative of an ongoing and increasingly-aggressive pattern by Defendant's counsel (Mr. Klema) in lashing out against undersigned counsel in multiple cases in which Mr. Klema has appeared. The root of Mr. Klema's anger can be traced to *Affordable Aerial Photography, Inc. v. John Abdelsayed et al.*, Case No. 21-cv-81331 (S.D. Fla.) (the "<u>Abdelsayed Lawsuit</u>"), a case in which he represented the defendants (with undersigned counsel representing the plaintiff) on a contingency basis where he would only be paid if the defendants recovered their attorneys' fees in that action. For reasons that only Mr. Klema can explain, he actively blames undersigned counsel (and the entire legal system itself) for the denial of his fee motion therein which sought more than $372,000.00 of attorneys' fees, the denial of his motion

for reconsideration, the Eleventh Circuit affirming those decisions, and the U.S. Supreme Court recently rejecting his petition for certiorari (and motion for rehearing). Mr. Klema has appeared as opposing counsel in several matters adverse to undersigned counsel's clients, and his rhetoric/attempts to cast aspersions has now bubbled over to this case and led to the Motion where he now seeks an award of fees, to revoke undersigned counsel's admission to this Court, and presumably to tar and feather undersigned counsel as well.

Stripped of its personal attacks, the Motion's sole basis for seeking extraordinary relief under § 1927 and/or the Court's inherent power is the fact that Plaintiff originally filed this action in the District of Delaware (the state of Defendant's formation and where venue/personal jurisdiction are **unquestionably** proper) and later agreed to transfer the action to this Court after Defendant filed a motion to dismiss/to transfer on the basis of inconvenience. Defendant then waited nearly 1 year – until after judgment was entered against it in this case – to file the Motion, question undersigned counsel's ethics, and seek sanctions. Defendant did not serve a Rule 11 letter/motion or raise § 1927 during the pendency of this lawsuit, but rather waited until after it had formally lost this lawsuit to raise its purported concerns.

Suffice to say, the Motion should be denied. As explained herein, Plaintiff originally filed this lawsuit in a jurisdiction/venue that was unequivocally proper. That undersigned counsel then agreed to transfer the action to this Court, after reviewing Defendant's motion to dismiss/transfer venue and determining it was more efficient to simply agree rather than be bogged down in months of motion practice, is hardly the type of conduct justifying the imposition of sanctions under § 1927, the Court's inherent power, or any other provision of law. Given that the Federal Rules were implemented to "secure the just, speedy, and inexpensive determination of every action and

proceeding,"[1] the Motion is indeed ironic.  Neither Plaintiff nor its counsel has done ***anything*** improper in this case, and the Court should not tolerate Mr. Klema's attempts to spill his personal animus toward undersigned counsel into what was otherwise a concluded case.

## BACKGROUND / PROCEDURAL HISTORY

1.      CopyCat Legal PLLC ("CopyCat Legal") is a law firm that principally focuses on intellectual property law, including the representation of photographers, artists, musicians, etc., whose artistic works have been infringed.[2]

2.      Plaintiff is a professional photographer who, in approximately May 2022, discovered that Defendant was, without permission, displaying one of Plaintiff's photographs on Defendant's business website/social media to market Defendant's charter business.[3]

3.      As a result of Plaintiff's discovery, he ultimately retained CopyCat Legal which sent a demand/cease and desist letter to Defendant on May 4, 2023.[4]

4.      The May 4, 2023 demand letter was sent to Defendant at 25 Rockwood Road, Marshfield, MA 02050 (the address identified on Defendant's website) and likewise attached a draft Complaint the letter indicated "we intend to file in the United States District Court for the District of Massachusetts."[5]

5.      On May 18, 2023, Mr. Klema sent an e-mail indicating that he was representing Defendant.[6]

---

[1]      *See* Fed. R. Civ. P. 1.

[2]      *See* Declaration of Daniel DeSouza, Esq., dated April 4, 2025 (the "DeSouza Decl."), a true and correct copy of which is attached hereto as Exhibit "A," at ¶ 3.

[3]      *Id.* at ¶ 4.

[4]      *Id.* at ¶ 5.

[5]      *Id.* at ¶ 6.

[6]      *Id.* at ¶ 7.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

6.      Because undersigned counsel had a 2 – 3 week Alaska vacation scheduled in June 2023, this matter was reassigned to Lauren Hausman, Esq., an associate employed by CopyCat Legal.  Ms. Hausman then followed up multiple times with Mr. Klema over the next few months to determine whether this matter could be amicably resolved.[7]

7.      On August 8, 2023, Mr. Klema e-mailed a letter to Ms. Hausman which, while accusing Plaintiff of 'copyright trolling' and threatening that the statute of limitations had expired on his claim (an interpretation contrary to the substantial bulk of Circuit and district court interpretations on the issue), offered "$200.00 in exchange for a non-confidential general release…."[8]

8.      On August 25, 2023, Ms. Hausman e-mailed Mr. Klema that Plaintiff rejected the $200.00 offer and, while she was still waiting for input from Plaintiff on a counter-offer, noted that Plaintiff would not agree to a non-confidential release.[9]

9.      On September 11, 2023, Mr. Klema responded by repeating the $200.00 offer and "mak[ing] unequivocal that FlyPrivate will not agree to confidentiality whatsoever in this dispute to the extent the parties can agree on the other terms of settlement."  He then concluded the e-mail with:[10]

Unless Mr. Broden accepts the above offer within two weeks, it will be considered withdrawn thereafter and my client will consider this matter concluded.

10.      On September 13, 2023, Ms. Hausman responded that "[c]onfidentiality is a non-starter.  As your client is unwilling to settle this matter with a confidentiality provision, I am afraid

---

[7]      *Id.* at ¶ 8.

[8]      *Id.* at ¶ 9.

[9]      *Id.* at ¶ 10.

[10]      *Id.* at ¶ 11.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

we are done with negotiations."[11]

11.    Following the exchange between Mr. Klema and Ms. Hausman, a case summary was prepared by a CopyCat Legal employee for undersigned counsel's review.[12]

12.    That case summary indicated that Defendant's status in Massachusetts was "inactive" whereas it was an "active" company in Delaware.[13]

13.    Further review of the Massachusetts Secretary of State website showed that Defendant had been ***involuntarily dissolved*** in Massachusetts as of April 19, 2011 (approximately 12 years prior to the demand letter being sent):[14]



14.    Plaintiff rejected (again) the $200.00 offer and Mr. Klema's demands that any

---

[11]    *Id.* at ¶ 12.

[12]    *Id.* at ¶ 13.

[13]    *Id.* at ¶ 14.

[14]    *Id.* at ¶ 15.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

settlement be non-confidential.  Ultimately, Plaintiff decided to proceed with filing a lawsuit.[15]

15.    Given Defendant's involuntary dissolution in Massachusetts, undersigned counsel made a judgment call to file this lawsuit in the District of Delaware – the only district that Defendant appeared to exist in good standing.[16]

16.    As indicated in the Motion, CopyCat Legal (which itself operates on a contingency fee basis with the substantial bulk of its clients) at the time had a local counsel relationship with Muller Law, LLC, a law firm in Massachusetts.  As part of that relationship, Muller Law, LLC agreed to forego an hourly fee and accept a portion of any settlement/recovery in cases for which Muller Law, LLC makes an appearance.[17]

17.    Once Plaintiff directed that a lawsuit be filed, CopyCat Legal then entered into a local counsel arrangement with O'Kelly & O'Rourke, LLC ("O'Kelly & O'Rourke"), a law firm located in Wilmington, Delaware.  O'Kelly & O'Rourke, however, accepted such representation on an hourly basis, charging $425.00/hour for attorney Sean O'Kelly's time on the matter.[18]

18.    Consistent with its engagement, O'Kelly & O'Rourke issued invoices to Plaintiff for its time/expenses incurred on this matter, including Invoice 15119 (issued on April 17, 2024) for $1,087.50 and Invoice 15228 (issued on June 21, 2024) for $907.50.[19]

19.    Following the retention of O'Kelly & O'Rourke, the Complaint in this action was filed on January 15, 2024 in the District of Delaware.[20]

---

[15]    *Id.* at ¶ 16.

[16]    *Id.* at ¶ 17.

[17]    *Id.* at ¶ 18.

[18]    *Id.* at ¶ 19.

[19]    *Id.* at ¶ 20.

[20]    *Id.* at ¶ 21.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

20.     On February 7, 2024, Defendant filed a purported motion to dismiss or stay [D.E. 7] that, per its own text, was "prepared with the assistance of counsel" (presumably Mr. Klema).

21.     In the February 2024 timeframe, Mr. Klema was representing clients in multiple matters adverse to CopyCat Legal, including Science Photo Library Limited v. Bell Performance, Inc., Case No. 6:23-cv-02302 (M.D. Fla.) (the "Bell Performance Lawsuit"), Harrington v. Island Villa Rental Properties Incorporated, Case No. 4:23-cv-10080 (S.D. Fla.) (the "Island Villa Lawsuit"), and Affordable Aerial Photography, Inc. v. Sync RFID Inc, Case No. 2:23-cv-14379 (the "Sync RFID Lawsuit") (all in addition to the Abdelsayed Lawsuit which Mr. Klema had appealed to the Eleventh Circuit at that time).[21]

22.     In each of the foregoing, Mr. Klema in February 2024 filed a motion for judgment on the pleadings and/or a motion to stay those proceedings on the basis of his own interpretation of the statute of limitations applicable to the Copyright Act.[22]

23.     Mr. Klema's motions in the Sync RFID Lawsuit resulted in that case being stayed (with multiple filings/motions regarding the stay being filed in the interim) until September 2024 when a settlement was reached.[23]

24.     In the Bell Performance Lawsuit, the case was stayed until June 2024, followed by the Court entering an Order denying Mr. Klema's motion for judgment on the pleadings and Mr. Klema then filing a motion for certificate of appealability before the case was ultimately settled in August 2024.[24]

25.     In the Island Villa Lawsuit, the case was stayed until January 2025, followed by the

---

[21]     *Id.* at ¶ 22.

[22]     *Id.* at ¶ 23.

[23]     *Id.* at ¶ 24.

[24]     *Id.* at ¶ 25.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Court entering an Order denying Mr. Klema's motion for judgment on the pleadings. Mr. Klema then filed a motion for certificate of appealability (which was denied), a motion for reconsideration, and a petition for writ of mandamus in the Eleventh Circuit (which remains pending together with the motion for reconsideration).[25]

26. The foregoing cases are provided as a backdrop for CopyCat Legal's experience with Mr. Klema around the timeframe of the motion to dismiss being filed, in addition to the lengths of time that his various motions/appeals (all of which to date have been denied) have delayed a multitude of proceedings.[26]

27. On March 8, 2024, Defendant appeared through counsel in the District of Delaware and filed its motion to dismiss/transfer venue (to this Court) under § 1404 or to stay this case (for the same statute of limitations reasons proffered in the above-referenced cases). See D.E. 9.

28. Although venue/personal jurisdiction was unequivocally proper in the District of Delaware (Defendant's state of formation and the only state in which Defendant appeared to be in good standing), undersigned counsel was concerned that Mr. Klema's penchant for motion practice would result in further delays of the conclusion of this lawsuit as well as substantial fees being incurred by O'Kelly & O'Rourke who may have been required to attend an evidentiary hearing on the motion to dismiss/transfer venue.[27]

29. As a result, undersigned counsel proposed to Mr. Klema on or about March 25, 2024 that an agreed Order be submitted that transferred the action to this Court, with such proposal being made solely to avoid the likely months-long delay that would have otherwise occurred with

---

[25]    *Id.* at ¶ 26.

[26]    *Id.* at ¶ 27.

[27]    *Id.* at ¶ 29.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

the motion to dismiss/transfer venue remaining pending.[28]

30.      After several back-and-forth e-mails where Mr. Klema accused undersigned counsel of bad faith conduct and questioned undersigned counsel's motivations, Mr. Klema ultimately agreed to transfer the case to this Court.[29]

31.      After the case was transferred to this Court by such agreed Order, Plaintiff filed his memorandum in opposition to the stay/dismissal portion of the motion to dismiss/transfer venue.[30]

32.      Although Defendant never sought sanctions during the pendency of this lawsuit with respect to its initial filing in the District of Delaware, Mr. Klema did – on September 18, 2024 – threaten § 1927 sanctions against undersigned counsel because he did not immediately respond to a 5:58 p.m. e-mail from Mr. Klema on September 16, 2024 seeking consent for a pro hac vice motion:[31]

---

[28]      *Id.* at ¶ 30.

[29]      *Id.* at ¶ 31.

[30]      *Id.* at ¶ 32.

[31]      *Id.* at ¶ 33.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**From:** griffin@klemalaw.com <griffin@klemalaw.com>
**Sent:** Wednesday, September 18, 2024 10:24 AM
**To:** Daniel DeSouza <dan@copycatlegal.com>
**Cc:** chip@mullerlaw.com
**Subject:** FW: Broden v. Private Business Jets, LLC, d/b/a Fly Private US Dist Court Mass Docket No. 1:24-cv-10880

Dan,

You weren't at the hearing yesterday, but the court set a 7-day deadline to confer and submit the Rule 26(f) report. To properly do so, my clients have been asking for Broden's consent to my appearance pro hac vice, and have not received a response to date from either you or Chip. I don't see any reason why the motion needs to be contested, but if you feel differently, I ask for your immediate response so that we can address this threshold issue in advance of conferring, pursuant to the orders entered by the court yesterday. Or if there's going to be a contested motion, to then request an extension of time on the conferral. Unless there's some good faith argument Broden intends to make, my client will be evaluating possible sanctions under 1927 on the PHV issue. Let's not let it come to that.

33.     On October 8, 2024, Plaintiff filed a notice of acceptance of a Rule 68 offer of judgment made by Defendant.  <u>See</u> D.E. 33.

34.     On March 4, 2025, the Court entered judgment against Defendant pursuant to the offer of judgment.  <u>See</u> D.E. 36.

35.     On March 4, 2025 (after undersigned counsel inquired of Mr. Klema whether his client intended to pay the judgment), Mr. Klema e-mailed undersigned counsel stating that he intended to pursue a § 1927 motion seeking sanctions against undersigned counsel.[32]

36.     Undersigned counsel then called Mr. Klema who explained the basis for his motion (the filing of this action in the District of Delaware).[33]

37.     Defendant then filed the Motion on March 22, 2025.

38.     Other than Mr. Klema's threats to file a § 1927 motion for undersigned counsel not immediately responding to his e-mail regarding pro hac vice admission, Defendant never raised the prospect of Rule 11, inherent authority, or § 1927 sanctions prior to Mr. Klema's March 4,

---

[32]     *Id.* at ¶ 36.

[33]     *Id.* at ¶ 37.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

2025 e-mail.[34]

## ARGUMENT

### I.    Legal Standard

Defendant seeks sanctions against undersigned counsel pursuant to both 28 U.S.C. § 1927 (which provides the Court may impose sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously") and the Court's inherent authority. With respect to § 1927, the First Circuit has "stated that section 1927 does not apply to '[g]arden-variety carelessness or even incompetence,' but instead requires that the 'attorney's actions… evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court." *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 245–46 (1st Cir. 2010) (quoting *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008)).

With respect to the Court's inherent authority, the Court "may award sanctions upon finding that a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *F.A.C., Inc. v. Cooperativa De Seguros De Vida De P.R.*, 563 F.3d 1, 6 (1st Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). "Because of its potency, 'a court's inherent power to shift attorneys' fees 'should be used sparingly and reserved for egregious circumstances.'" *Id.* (quoting *Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 13 (1st Cir. 1995)); *see Chambers*, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

### II.    The Imposition of Sanctions is Not Warranted

The sole basis advanced by the Motion for the imposition of sanctions is that this action was initially filed in the District of Delaware and that undersigned counsel later agreed to transfer

---

[34]    *Id.* at ¶ 39.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

the case to the District of Massachusetts.[35]  Defendant's argument here is without merit.

As a threshold matter, there is no question that both venue and personal jurisdiction were **proper** in the District of Delaware.  "[T]he place of incorporation and principal place of business" are bases for general personal jurisdiction over a corporation.  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  "Courts have applied the *Daimler* rules to limited liability companies with 'equal force.'"  *Griggs v. Swift Transp. Co.*, Civ. No. 17-13480, 2018 U.S. Dist. LEXIS 139864, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018) (quoting *Finn v. Great Plains Lending, LLC*, Civ. No. 15-4658, 2016 U.S. Dist. LEXIS 21558, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016)). Thus, "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]."  *Tri-Union Seafoods, LLC v. Ecuatorianita*, Civ. No. 20-9537, 2021 U.S. Dist. LEXIS 75537, 2021 WL 1541054, at *3 (Apr. 20, 2021) (quoting *Rodriquez Rivera v. Loto Grp., LLC*, Civ. No. 20-4062, 2020 U.S. Dist. LEXIS 236293, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020)).  Defendant was formed as a Delaware limited liability company on October 28, 2002,[36] and therefore personal jurisdiction exists in Delaware.

28 U.S.C. § 1400(a) provides that venue in a copyright action (such as this) is proper "in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction."  *Skidmore v. Led Zeppelin*, 106 F.Supp.3d 581, 584 (E.D. Pa 2015).  In other words,

---

[35]    Mr. Klema spends several pages of the Motion discussing 'copyright trolling,' the purported unreasonableness of settlement demands, and even scoured CopyCat Legal's blog to accuse undersigned counsel of "embrac[ing] his role 'as a troll lawyer….'  *See* Motion, at p. 3.  Setting aside the fact that irony/sarcasm is apparently lost on Mr. Klema, his aspersions against copyright owners/their attorneys are irrelevant to the issue for which Defendant seeks sanctions.  Nevertheless, and only because Mr. Klema has a habit of making wild accusations and then accusing undersigned counsel of acquiescing thereto if he does not engage Mr. Klema in a discussion thereof, suffice to say that undersigned counsel disagrees with Mr. Klema's assertions.

[36]    *See* Exhibit "B," a true and correct copy of a printout from the Delaware Secretary of State's website.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

"[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court." *RMG Media, LLC v. iBoats, Inc.*, Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

Defendant has not challenged or asserted that venue/jurisdiction was improper in the District of Delaware.  Rather, Defendant asserts only that venue was 'inconvenient' due to its location in Massachusetts and therefore sought transfer (under § 1404) to Massachusetts rather than dismissal (under § 1406) for improper venue.  Courts are "skeptical" as to whether the filing in a proper albeit inconvenient forum can ever be sanctionable.  *See, e.g.*, *Sussman by & Through Guilden v. Bank of Isr.*, 56 F.3d 450, 457 (2d Cir. 1995) ("Nor can the award of sanctions be sustained on the ground that plaintiffs selected a forum inconvenient to defendants. To begin with, we are skeptical that the commencement of a suit in an inconvenient forum may be the basis of Rule 11 sanctions where venue was not improper."); *Newton v. Thomason*, 22 F.3d 1455, 1463-64 (9th Cir. 1994) ("Attorneys are not under an affirmative obligation to file an action in the most convenient forum;   their only obligation is to file in a proper forum.") (finding that district court abused its discretion in imposing sanctions for filing in an inconvenient forum); *HR U.S. LLC v. Mizco Intl, Inc.*, No. 07 Civ. 2394, 2010 U.S. Dist. LEXIS 103123, 2010 WL 3924548, at *5 (E.D.N.Y. Sept. 29, 2010) ("Plaintiff did not engage in litigation misconduct by filing in a proper, but ultimately inconvenient venue" where "defendants have not shown that plaintiff's filing in [the Eastern District of Virginia] was intended to harass them" and "plaintiff had a legitimate purpose for filing there.").

Plaintiff ***did not*** file this action to harass/inconvenience Defendant.  If anything, filing this action in the District of Delaware inconvenienced Plaintiff as doing so caused Plaintiff to become indebted to O'Kelly & O'Rourke for legal fees (rather than on a contingency basis with Muller

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Law).  As explained herein, at the time Mr. Klema put his proverbial foot down at $200.00/non-confidentiality, undersigned counsel reviewed a case summary prepared by a staff member that identified Defendant's administrative dissolution in Massachusetts.  Because Defendant had been dissolved for approximately *12 years* (and thus appears to have been continuously breaking Massachusetts law since then)[37] and therefore did not appear to have a valid existence/registered agent in Massachusetts, undersigned counsel simply chose to file this lawsuit in the jurisdiction in which Defendant was organized and appeared to maintain its status (Delaware).

The Motion suggests that undersigned counsel was somehow dishonest/disingenuous when, in February or March 2024 (at least a month after the lawsuit was filed and at least 4 or 5 months after the case summary was reviewed), Mr. Klema called undersigned counsel to inquire why the case was filed in Delaware, and undersigned counsel "had no specific explanation" during the call, suggesting that "maybe" Muller Law was not available.[38]  That undersigned counsel did not specifically remember reviewing the case summary 4 or 5 months earlier, when confronted on the spot by Mr. Klema, is hardly evidence of bad faith or improper purpose.  As stated herein, this lawsuit was filed in the only jurisdiction that Defendant actually appeared to exist, at an inconvenience to Plaintiff that had to incur legal fees (rather than a contingency relationship) to pursue.

When Mr. Klema appeared in this action and filed a motion to transfer to the District of Massachusetts, undersigned counsel did what attorneys are supposed to do… he reviewed the motion, the caselaw, and advised his client on the potential outcomes of the motion/the length of

---

[37]     *See* Mass. Ann. Laws ch. 156C, § 45 ("Upon dissolution and notwithstanding the filing of a certificate of cancellation pursuant to section 14, a limited liability company… shall not carry on any business except as necessary to wind up its affairs or distribute its assets….").

[38]     *See* Motion, at p. 7.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

time it might take for such motion to be decided.  Given undersigned counsel's experience with

Mr. Klema and the number of motions for reconsideration/rehearing he has filed in undersigned

counsel's cases, it was decided to avoid motion practice altogether and agree to transfer the case

to the District of Massachusetts.  It is unfortunate that Mr. Klema apparently does not 'like'

undersigned counsel, but his personal feelings are not a basis to impose sanctions in a case that

was filed in a proper venue and for which his client has been adjudged liable for copyright

infringement.  Mr. Klema is welcome to seek appropriate relief elsewhere for the numerous

sleights he perceives, but he should not be allowed to use this Court as a weapon to exact revenge,

retribution, etc. on undersigned counsel.  The Motion should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a)

denying the Motion and (b) for such further relief as the Court deems proper.


Dated: April 7, 2025.                    s/ Daniel DeSouza
                                         Daniel DeSouza, Esq.
                                         (*admitted pro hac vice*)
                                         CopyCat Legal PLLC
                                         3111 N. University Drive
                                         Suite 301
                                         Coral Springs, FL 33065
                                         (877) 437-6228
                                         dan@copycatlegal.com

                                         Chip Muller, Esq. (BBO# 672100)
                                         Muller Law, LLC
                                         47 Wood Ave.
                                         Barrington RI 02806
                                         (401) 256-5171
                                         chip@mullerlaw.com

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Chip Muller___

Chip Muller

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228