UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FREDERIK BRODEN, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 24-CV-10880-AK |
| PRIVATE BUSINESS JETS, L.L.C., *doing* business as, FLYPRIVATE | ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM AND ORDER ON MOTION FOR SANCTIONS

**ANGEL KELLEY, D.J.**

      Defendant Private Business Jets, L.L.C. ("FlyPrivate") moves for sanctions, alleging that Plaintiff's counsel engaged in objectively unreasonable, harassing, and vexatious litigation conduct that multiplied the proceedings and increased FlyPrivate's costs. [Dkt. 40] (the "Motion"). FlyPrivate seeks fees and costs incurred in litigating venue and in bringing the Motion and asks the Court to consider revocation of lead counsel's admission. For the reasons that follow, the Motion is **DENIED**.

      **I.    BACKGROUND**

      Plaintiff Frederik Broden, a professional photographer, alleges he created a 2017 photograph depicting a family boarding a private jet (the "at-issue photograph"), which he registered with the U.S. Copyright Office on July 30, 2021. In May 2023, Broden's counsel sent a pre-suit demand letter seeking $30,000 for unauthorized use of the at-issue photograph and enclosed a draft complaint identifying the District of Massachusetts as the intended forum. After FlyPrivate removed the at-issue photograph from its website and offered a monetary resolution,

1

the parties did not settle.

Broden filed this copyright action in the United States District Court for the District of Delaware on January 15, 2024. [Dkt. 1]. FlyPrivate initially appeared *pro se* and filed a motion to transfer venue; the Delaware court struck the *pro se* filing and directed FlyPrivate to obtain counsel. FlyPrivate retained Delaware counsel and filed a motion to transfer venue to the District of Massachusetts. Ultimately, the parties stipulated to transfer of venue. [Dkts. 9, 13]. After transfer, FlyPrivate served a Rule 68 offer of judgment, which Broden accepted. [Dkt. 33]. The Clerk entered judgment for $3,000 plus taxable costs. [Dkts. 35, 36]. Broden later filed a notice of satisfaction of judgment. [Dkt. 43].

FlyPrivate now seeks sanctions under 28 U.S.C. § 1927 and the Court's inherent authority against Plaintiff's counsel, CopyCat Legal PLLC and attorney Daniel DeSouza, arguing that the initial filing in Delaware and related conduct unreasonably multiplied the proceedings and caused FlyPrivate to incur unnecessary fees. [Dkt. 40]. FlyPrivate contends that Plaintiff's counsel filed in Delaware despite pre-suit representations that suit would be brought in Massachusetts, refused to stipulate to transfer when requested, and agreed to transfer only after FlyPrivate incurred the expense of preparing a transfer motion and retaining Delaware counsel. The Motion also alleges that Mr. DeSouza provided inconsistent or outright false explanations for the venue choice, and "threaten[ed] . . . a Rule 11 motion for sanctions if Fly Private filed its motion for sanctions." FlyPrivate asks the Court to award fees attributable to the venue dispute and to consider the drastic measure of revoking Mr. DeSouza's admission. Plaintiff opposes the Motion, asserting that Delaware was a proper forum because FlyPrivate is a Delaware limited liability company and, critically, because FlyPrivate appeared to be administratively dissolved in Massachusetts and therefore lacked a valid registered agent

there.  [Dkt. 42].  Plaintiff further explains that counsel agreed to transfer the case to avoid protracted motion practice and delay, and that FlyPrivate's sanctions motion is untimely and retaliatory.

## II. LEGAL STANDARDS

Section 1927 authorizes an award of attorneys' fees against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" that the attorney should personally satisfy the excess costs and fees caused by that conduct.  28 U.S.C. § 1927.  The statute does not punish garden variety carelessness or incompetence alone; an attorney's conduct must needlessly multiply proceedings and reflect a "studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court."  Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008) (citations omitted).

A court may also impose sanctions under its inherent power when a party or counsel has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (citation omitted).  Because such relief is potent, this "inherent power 'ought to be exercised with great caution.'"  In re Petition for Ord. Directing Release of Recs., 27 F.4th 84, 89 (1st Cir. 2022) (quoting Ex parte Burr, 9 Wheat. 529, 531, 22 U.S. 529, 6 L.Ed. 152 (1824)); see also Chambers, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion."); Degen v. United States, 517 U.S. 820, 823 (1996) ("Principles of deference counsel restraint in resorting to inherent powers.").

These standards set a high bar.

## III. DISCUSSION

The record establishes that Broden's pre-suit demand materials identified Massachusetts as the intended forum, yet the Complaint was filed in Delaware.  FlyPrivate's counsel credibly

3

attests that FlyPrivate incurred fees to retain Delaware counsel and to prepare a motion to transfer before Plaintiff agreed to stipulate to transfer.  Nevertheless, the record also shows that FlyPrivate is organized in Delaware and that, at the time the Complaint was filed, FlyPrivate appeared to be in good standing in that jurisdiction.  Plaintiff's counsel relied on public records indicating FlyPrivate's administrative dissolution in Massachusetts.  Filing in a district where a defendant is subject to general jurisdiction is legally proper.  Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.") (citations omitted).  The Motion does not contend that Delaware lacked jurisdiction or that venue there was legally improper, only that it was inconvenient, and inconvenience alone does not render a filing improper, let alone sanctionable.  The Court also notes that filing in Delaware imposed costs on Plaintiff as well, because Plaintiff retained Delaware counsel on an hourly basis rather than proceeding on a contingency arrangement in Massachusetts.  This fact undercuts any inference that counsel likely acted exclusively with the conscious, reckless, or bad faith purpose required for Section 1927 or inherent authority sanctions.

Both parties referenced opposing counsel's litigation practices in other matters to anticipate potential delay and expense.  Ultimately, the parties avoided protracted motion practice and secured a relatively prompt resolution on the merits.  Agreeing to transfer to avoid delay and expense is consistent with the Federal Rules' aim of securing "just, speedy, and inexpensive determination[s]."  Fed. R. Civ. P. 1.

While the Court notes evidence of contentious interactions between counsel in this and unrelated matters, allegations drawn from other cases do not substitute for a showing of bad faith in the case at hand.  Even accepting that FlyPrivate incurred fees preparing a transfer motion and

retaining Delaware counsel before Plaintiff agreed to stipulate, the explanations offered by Plaintiff's counsel (that Delaware was the only jurisdiction in which FlyPrivate appeared to exist in good standing and that counsel agreed to transfer to avoid delay) are accepted on their face, this time. Disputed recollections about the timing of counsel's review of a case summary or about off-hand remarks during settlement negotiations do not establish the conduct necessary to impose sanctions. The Court's denial of FlyPrivate's motion for sanctions should not be interpreted as the Court's approval of the behavior of Plaintiff's counsel. Counsel on both sides are reminded of their individual responsibility to conduct themselves in a professional and courteous manner to preserve the honor of the profession.

Additionally, the Court recognizes the broader concerns about "copyright trolling" practices around the country, but FlyPrivate has not sufficiently shown that its claimed expenses were caused by bad faith multiplication of proceedings here rather than by ordinary, colorable litigation over venue. In light of the high standards governing sanctions, the Court declines to award fees or to revoke counsel's admission.

### IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Motion for Sanctions [Dkt. 40] is **DENIED** in its entirety. The Court finds that the District of Delaware was a proper forum at the time of filing, that the decision of Plaintiff's counsel to file initially in Delaware and later to agree to transfer was an acceptable litigation decision, and FlyPrivate has not met the high burden required to obtain sanctions under Section 1927 or the Court's inherent authority.

**SO ORDERED.**

Dated: January 23, 2026

/s/ Angel Kelley  
Hon. Angel Kelley  
United States District Judge